UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

      Plaintiff,

v.

MR. LIQUORS #2, INC,
d/b/a Fresa Lounge, and
THREE RS PROPERTY LLC.

      Defendants.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Mr. Liquors #2, Inc, d/b/a Fresa Lounge, and Three RS Property, LLC, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.      Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.      Defendants, Mr. Liquors #2, Inc, and Three RS Property, LLC, are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4.      Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. § 12102(1)(A)(2), 28 C.F.R. § 36.105(b)(2) and 28 C.F.R. § 36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5.      Defendant, Mr. Liquors #2, Inc, is a Florida for-profit corporation, which upon information and belief is the owner and operator of a Liquor Store, Cigar and Lounge named "Fresa Lounge", located at 4351 NW 7th St, Miami, Florida, 33126, the subject to this action, and referred hereto as "Mr. Liquors #2" or "Operator".

6.      Defendant, Three RS Property, LLC, is a Florida limited liability company, which upon information and belief owns and/or operates a commercial real property identified as Folio: 01-3132-025-0030, with post address of 4351 NW 7th St, Miami, Florida, 33126, the subject property to this action, and referred hereto as "Three RS Property" or "Owner".

**FACTS**

7.      Defendant, Mr. Liquors #2, Inc, is the owner and operator of the "Fresa Lounge", a Liquor Store, Cigar and Lounge, located at 4351 NW 7th St, Miami, Florida, 33126, and open to the general public. As such, a Place of Public Accommodation subject to the requirements of

Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

8.      At all times material hereto, Defendant, "Three RS Property", has leased its commercial property to Defendant, "Mr. Liquors #2", who in turn has operated (and continues to operate) its Liquor Store, Cigar and Lounge "Fresa Lounge" within that leased space.

9.      As the owner/operator of a restaurant, bar, or other establishment serving food or drink, which is open to the public, Defendant, "Mr. Liquors #2" is defined as a place of "public accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] restaurant, bar, or other establishment serving food or drink;" per 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

10.     On September 16, 2024, Plaintiff personally visited "Mr. Liquors #2", but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

11.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the business operator (Defendant, "Mr. Liquors #2"), and by the owner of the commercial property (Defendant, "Three RS Property").

12.     As the owner and operator of a restaurant, bar Defendant, "Mr. Liquors #2", is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13.     As the owner of commercial property which built out and utilized as a restaurant, bar, or other establishment serving food or drink that provides goods/services to the general public, Defendant, "Three RS Property", is also defined as a "Public Accommodation" within meaning of Title III: 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

14.     As the owner of commercial property, which is built as a public accommodation, Defendant, "Three RS Property", is aware of the ADA and the requirement to provide equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15.     As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

16.     Plaintiff continues to desire to patronize and/or test the business operated by Defendant, "Mr. Liquors #2", and located at the commercial property owned by Defendant, "Three RS Property", but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

17.     All requisite notice has been provided.

18.     Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

19.     The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

20.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

        42  U.S.C. §12101(b)(1)(2) and (4).

21.     Prior to the filing of this lawsuit, Plaintiff personally visited "Mr. Liquors #2" with the intention to use of their services, and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

22.     Defendants, Mr. Liquors #2, Inc, d/b/a Fresa Lounge, and Three RS Property, LLC, have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

23.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the commercial property use as "Mr. Liquors #2".

24.     Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26.     Defendant, "Three RS Property", owner of the commercial property, which houses Defendant, "Mr. Liquors #2", are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both Defendants, Defendant, "Mr. Liquors #2" (operator) and Defendant, "Three RS Property", (owner of the commercial property) (jointly and severally), are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

**<u>Parking Lot & Accessible Route</u>**

   i.   The plaintiff had difficulty using the ramp, as ramp does not provide handrails Violation: Ramp is missing the handrails on both sides of the ramp, violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii.   The plaintiff had difficulty travel to the building from the accessible parking space as there are cross slopes in excess of 2% Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The plaintiff had difficulty exiting the vehicle, as designated accessible parking space does not have an access aisle. Violation: Accessible parking space does not provide the required access aisle Section 4.6.3 of the ADAAG and Section 502.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.      The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space violating Section 4.6.4 of the ADAAG and Section 216.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v.       The plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a non-compliant slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.      The plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a non-compliant slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable

## **Main Entrance**

vii.     The plaintiff had difficulty using the main door without assistance, as the main door has a change in level. Violation: Doorway has a vertical change of level at door threshold, violating Sections 4.13.8 of the ADAAG and Sections 404.2.4.4 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.    The plaintiff had difficulty using the main door without assistance, as the main door has a non-compliant sloped surface with in the required maneuvering clearance of the door. Violation: Maneuvering clearance on the pull side of the door has non-compliant slope, violating Sections 4.13.6 of the ADAAG and Sections 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## **Cashier Counter**

ix.      The cashier counter is mounted above the required height. Violation: Counter is mounted over 36" above the finished floor violating Section 7.2 of the ADAAG and Section 904.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

   **WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants,

Mr. Liquors #2, Inc, d/b/a Fresa Lounge, and Three RS Property, LLC. Defendant, F Three RS

Property, LLC, (owner of the commercial property) and Defendant, Mr. Liquors #2, Inc, (lessee

of the commercial property) and requests the following injunctive and declaratory relief:

a)  The Court declare that Defendants have violated the ADA;

b)  The Court enter an Order directing Defendants to evaluate and neutralize   their

    policies, practices and procedures toward persons with disabilities,

c)  The Court enter an Order requiring Defendants to alter the commercial property

    and the establishment located therein such that it becomes accessible to and

    usable by individuals with disabilities to the full extent required by the Title III of

    the ADA;

d)  The Court award reasonable costs and attorneys fees; and

e)  The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on October 10, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*